RODNEY DUTTON and SHIRLEY   )
DUTTON,          )
           )
    Plaintiffs,      )
           )
vs.           )    NO. CIV-13-0911-HE
           )
CITY OF MIDWEST CITY, ET AL.,   )
           )
    Defendants.     )

## ORDER

Rodney and Shirley Dutton, a married couple appearing *pro se* and *in forma pauperis*, filed this case against the City of Midwest City and certain law enforcement personnel.[1] They assert claims pursuant to 42 U.S.C. § 1983 alleging various violations of their constitutional rights. They also filed a second case (CIV-13-0912) arising out of the same general circumstances, which the court previously consolidated into this case. Order, November 27, 2013 [Doc. #17]. The City of Midwest City has moved to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have responded, accompanying their response to the motion with a request for the appointment of counsel.

## Background

It appears from the amended complaint that this case arises out of two separate arrests

---

[1] *Plaintiffs' amended complaint [Doc. #11] identifies the individual defendants as "Police Officer 'Jane' Southerland Badge 37" and "An Unknown Detention Officer or 'John Doe'". It does not appear that defendant Southerland has been served. However, counsel for Midwest City have entered their appearances as counsel for "The City of Midwest City, et al". It is unclear whether that reference is intended to constitute appearance on behalf of Southerland, who has not answered or otherwise appeared in the case.*

of Mr. Dutton by the Midwest City police department. The specific circumstances and chronology of the alleged events are not entirely clear,[2] but it appears that, as to the first arrest, Mr. Dutton was allegedly arrested for assault and public intoxication while attempting to chase a dog off of his property with a brick. The second arrest was apparently based on a charge of domestic abuse. The complaint alleges that, at some point while in jail for one of the arrests, Mr. Dutton was "struck in the head several times by an inmate with his fists" and later treated at a local hospital.

The allegations indicate Mr. Dutton was later convicted in Midwest City Municipal Court of some or all of the referenced charges. He allegedly sought, but was refused, counsel to represent him. The complaint alleges Mr. Dutton requested to be sentenced to time served and that the judge initially granted that request. It further alleges that, as Mr. Dutton left the courtroom, he "said calmly to nobody in particular 'I'll see you in federal court.'" This, according to Mr. Dutton, caused the judge to rescind his initial decision, and instead sentence him to thirty days in jail.

The amended complaint generally alleges there was no evidence to support any of the charges Mr. Dutton was convicted of and that he has been forced to file for post-conviction relief, referencing three court cases.[3]

---

[2]*Plaintiffs' pleadings read as a first person narrative by Mr. Dutton.*

[3]*Although the complaint is not clear in this respect, the three cases are presumably ones filed in Oklahoma state court and directed to challenging the convictions referenced above.*

Mr. Dutton's claims, construed liberally because of his *pro se* status,[4] appear to be as follows: 1) a First Amendment violation, based on alleged retaliation for the comment he made while leaving the courtroom, 2) a Fourth Amendment claim, based on his arrest and prosecution without probable cause, 3) denial of due process, in violation of the Fifth and Fourteenth Amendments; 4) denial of assistance of counsel, in violation of the Sixth Amendment; 5) an Eighth Amendment claim, based on failure to protect him from abuse by a fellow inmate, and 6) false imprisonment in violation of the Fourteenth Amendment. Further, both plaintiffs assert First and Fourteenth Amendment claims for loss of consortium and violation of their "right to pursue life and happiness together in their marriage and individually without wrongful interference by officials of [the] government."

## Discussion

The City of Midwest City has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). That rule permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). Unsupported, conclusory allegations, however, need not be accepted as true. *See* Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). Further, "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will

---

[4]*See* Haines v. Kerner, *404 U.S. 519, 520 (1972).*

not suffice." <u>Khalik v. United Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. As noted above, when plaintiff is appearing *pro se*, the court construes the claims liberally.

The City's motion is based entirely on its assertion that plaintiffs' claims must be dismissed under <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 (1994), because Mr. Dutton's conviction has not been invalidated. Plaintiffs appear to argue that <u>Heck</u> does not apply because Mr. Dutton is not seeking release from custody, and because some of their claims fall outside of its scope.

In <u>Heck</u>, the Supreme Court addressed the issue of when a prisoner may assert a § 1983 claim relating to his conviction or sentence. The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck</u>, 512 U.S. at 486-87. The rule applies to any claim in which "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

Mr. Dutton's current status as a non-prisoner does not appear to render <u>Heck</u>

inapplicable in the circumstances of this case. Some courts, in applying Heck, have

concluded that it does not bar a suit by a person whose incarceration has ended, as a habeas

remedy is ordinarily unavailable in that circumstance.[5] The Tenth Circuit is among those

courts. Cohen v. Longshore, 621 F.3d 1311, 1315 (10th Cir. 2010). In Cohen, after

acknowledging a circuit split on the issue, the Court determined "that a petitioner who has

no available remedy in habeas, through no lack of diligence on his part, is not barred by Heck

from pursuing a § 1983 claim." *Id.* at 1317. It followed the reasoning of the plurality opinion

in Spencer v. Kemna, 523 U.S. 1 (1998), which concluded a former prisoner no longer in

custody could bring a § 1983 action, without being bound to satisfy the "favorable

termination" requirement of Heck, because it was a requirement that "would be impossible

as a matter of law for him to satisfy." 523 U.S., at 21.

However, neither Spencer nor Cohen appears to have addressed the precise

circumstance present here—where an available means exists under state law for challenging

the conviction involved, regardless of the availability of a federal habeas remedy or of Mr.

Dutton's custodial status. He has an available state remedy, through the Oklahoma Uniform

Post-Conviction Procedure Act, 22 Okla. Stat. § 1080, and has apparently invoked that

precise remedy.[6] The Spencer concurrence's concern with the impossibility of satisfying the

_____

[5]*The U.S. Supreme Court has not definitively resolved the issue. See Muhammad v. Close, 540 U.S. 749, 752, n. 2 (2004).*

[6]*Plaintiffs suggest this remedy, involving resort to the court in which the conviction was originally obtained, is "senseless." [Doc. #19, pg. 4]. However, apart from that lone conclusory statement, plaintiffs have not provided the court with any basis on which to find that exhausting their state remedies would be futile. See Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981)*

5

favorable termination requirement is thus not present here.  Further, recognizing the impact

of the available state procedure seems consistent with the underlying purpose served by the

Heck rule, of preserving limitations on the availability of habeas remedies, i.e. exhaustion

of state remedies.  *See* Muhammad v. Close, 540 U.S. 749, 751 (2004).  Moreover, as noted

above, Heck stated the "favorable termination" requirement as involving either the prior

conviction being called into question in a habeas proceeding "or," among other things,

"declared invalid by a state tribunal authorized to make such determination . . . ."  512 U.S.

at  487.

Whether a plaintiff is barred by Heck where he has no available habeas remedy but

has other relief available in state court has not been squarely addressed by the Tenth Circuit.

*See* Taylor v. City of Bixby, 2012 WL 6115051, *6 (N.D. Okla. Dec. 10, 2012).  The Taylor

court did consider the issue and adopted the Eleventh Circuit's reasoning that Heck applies

even where habeas is unavailable, if there is another route for a plaintiff to seek relief from

his conviction.  *Id.* (citing Domotor v. Wennett, 356 F. App'x 316 (11th Cir. 2009), aff'g 630

F. Supp. 2d 1368, 1380 (S.D. Fla. 2009)).

In any event, for the above-stated reasons, the court concludes that Heck applies in

the circumstances present here.  That conclusion leaves Mr. Dutton with an available remedy

for his claimed constitutional violations and affords the state an opportunity to cure any such

*("We will not excuse a failure to exhaust state remedies unless it is affirmatively shown that resort to them would be useless."); see also* Ciocchetti v. Wiley, *358 F. App'x 20, 24 (10th Cir. 2009) (stating that "anecdotal claims" are not enough to support a futility argument).*

violations, consistent with <u>Heck</u>'s purpose.

Because <u>Heck</u> applies, it is necessary to evaluate whether plaintiffs' particular claims would "necessarily imply the invalidity of [the] conviction or sentence." A ruling in favor of the plaintiffs on the First Amendment claim relating to the comment made while exiting the courtroom, the Fourth Amendment unlawful arrest and prosecution claims, the Fifth and Fourteenth Amendment due process claims, and the Sixth Amendment denial of counsel claim, would challenge the validity of Mr. Dutton's conviction or sentence, and will thus be dismissed without prejudice.[7] The remaining loss of consortium, right to marriage, and Eighth Amendment claims have no apparent bearing on Mr. Dutton's conviction, and defendant's motion will be denied as to those claims.

Plaintiffs' motion for appointment of counsel will also be denied. There is no right to the appointment of counsel in a civil case such as this one. *See* <u>McCarthy v. Wenberg</u>, 753 F.3d 836, 838 (10th Cir. 1985) (quoting 28 U.S.C. § 1915(d)) ( "[T]he court <u>may</u> request an attorney to represent any such person unable to employ counsel. . . .") (emphasis added). Mr. Dutton appears to have a better grasp of applicable legal principles than many *pro se* litigants. He appears to have the ability to present his arguments and position as needed. While the court encourages plaintiffs to secure counsel if they can, the court concludes the circumstances do not entitle them to appointed counsel. *See* <u>Rucks v. Boergermann</u>, 57 F.3d 978, 979 (10th Cir. 1995).

---

[7] *"[C]laims dismissed on <u>Heck v. Humphrey</u> grounds should be dismissed without prejudice." <u>Bryner v. Utah</u>, 429 F. App'x 739, 744–45 (10th Cir.2011).*

With respect to the counsel issue, the court reminds plaintiffs of the rules with respect to *pro se* representation. As Mr. Dutton was advised at the status conference, Mrs. Dutton may proceed *pro se* as to her claims if she wishes, but she will not be permitted to appoint Mr. Dutton as her lawyer or agent for purposes of the case. If she wishes to be represented by someone else, it must be by a licensed attorney authorized to practice in this court.

For the reasons stated, the City of Midwest City's motion to dismiss [Doc. #16] is **DENIED** as to the loss of consortium, right to marriage, and Eighth Amendment claims, but **GRANTED** as to all other claims. The claims against the individual law enforcement officers remain, at least once any issues as to service and/or appearance have been resolved. Plaintiffs' motion for appointment of counsel [Doc. #19] is **DENIED**. Plaintiffs' request to excuse from appearance [Doc. #23] is **STRICKEN** as **MOOT**.

**IT IS SO ORDERED**.

Dated this 31st day of January, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE