# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RODNEY AND SHIRLEY DUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-911-HE |
| | ) | |
| THE CITY OF MIDWEST CITY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Rodney and Shirley Dutton filed this 42 U.S.C. § 1983 action against the City of Midwest City ("the City") and two individual law enforcement officers, alleging violations of various constitutional rights. The court previously dismissed all claims against the City except those based on the Eighth Amendment, right to marriage, and loss of consortium. The City has now moved to dismiss the remaining claims against it pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have responded and the motion is at issue.

Rule 12(b)(6) permits a court to dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). Unsupported, conclusory allegations, however, need not be accepted as true. *See* Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A pro se litigant's

pleadings are liberally construed and held to a less stringent standard than those prepared by lawyers. Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991).

Discussion[1]

The City argues that plaintiffs' loss of consortium claims should be dismissed because they arise out of the false arrest and wrongful confinement claims, which have been dismissed. It argues that without a remaining constitutional claim on which to base the claim, the loss of consortium claim cannot proceed.

To the extent that Mr. Dutton is able to assert a loss of consortium claim,[2] the City's position appears to be more or less correct.[3] While aspects of the marriage relationship may have constitutional protection, there appears to be no constitutional right to marital consortium (i.e. a spouse's sexual and other services) as such. *See* Niehus v. Liberio, 973 F.2d 526, 534 (7th Cir. 1991); Stallworth v. City of Cleveland, 893 F.2d 830, 838 (6th Cir. 1990); Winton v. Bd. of Comm'rs of Tulsa Cnty., 88 F. Supp. 2d 1247, 1254-55 (N.D. Okla.

---

[1]*The facts of the case were set out in the court's previous order [Doc. #25].*

[2]*A loss of consortium claim traditionally provides a cause of action for the spouse of the injured party, not the injured party himself. See Restatement (Second) of Torts § 693 ("One who by reason of his tortious conduct is liable to one spouse for illness or other bodily harm is subject to liability to the other spouse for the resulting loss of the society and services of the first spouse . . . .").*

[3]*The court's hesitation stems from the somewhat haphazard quality of the City's brief. It is understandable that a pro se plaintiff's brief might be less than clear, but less so where a brief is prepared by lawyers. At a minimum, defendant's counsel would do well to review the basic rules of case citation.*

2000). Accordingly, Mr. Dutton does not state a constitutional claim for loss of consortium.[4]

As to Mrs. Dutton, the result is the same. As noted above, any loss of consortium she may have experienced does not arise to a constitutional claim. And she cannot rely on any violation of Mr. Dutton's rights as a basis for her own recovery. Regardless of what happened to Mr. Dutton, "to allege a § 1983 claim, [she] must demonstrate that she suffered the deprivation of a constitutional right possessed by her individually." Winton, 88 F. Supp. 2d at 1254. She cannot rely on a violation of someone else's rights as a basis for her own claim.

Plaintiffs' claims of interference with their "right to marry" must also be dismissed. Such claims, grounded in the right of familial association, require a showing of intentional interference with the marriage relationship, rather than a negligent act or even an intentional act directed at something other than the marriage itself. Trujillo v. Bd. of Cnty. Comm'rs of Cnty. of Santa Fe, 768 F.2d 1186, 1189-90 (10th Cir. 1985). Plaintiffs' description of the events surrounding Mrs. Dutton's complaint to the police do not support such an inference. Their interference with marriage claims will be dismissed.

Finally, the City argues that Mr. Dutton's Eighth Amendment claim should be dismissed because it is barred by the statute of limitations. "The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which

---

[4]*It appears reasonably clear that plaintiffs are seeking to assert only § 1983 claims, i.e. federal claims, in this case. While a state law claim for loss of consortium might be theoretically possible in some circumstances, the Oklahoma Governmental Tort Claims Act would likely prevent the successful assertion of such a claim against the City here. See 51 Okla. Stat. § 152.1.*

3

the claim arose, and in Oklahoma, that period is two years." McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007) (internal citation omitted)). The parties agree the statute of limitations ran on or around September 14, 2013. They disagree, however, on the date that plaintiffs filed their complaint.

The City argues that plaintiffs' complaint was filed on October 4, 2013, although it is unclear where it got that date. The original complaint, which included the Eighth Amendment claim, was filed on August 26, 2013—within the two year statute of limitations. Plaintiffs were ordered to cure deficiencies in their complaint, see [Doc. #10], and they filed an amended complaint on October 3, 2013. In any event, the amended complaint clearly "relates back" to the original complaint, as it is nearly identical except for the inclusion of Mrs. Dutton's signature. See Fed. R. Civ. P. 15(c); Butchard v. Cnty. of Dona Ana, 287 F.R.D. 666, 671 (D.N.M. 2012) ("When the amendment to the complaint occurs after the statute of limitations has run, relation back treats the amendment as if it was filed at the time of the original complaint."). Accordingly, Mr. Dutton's Eighth Amendment claim is not time barred, and the motion to dismiss will be denied as to that claim.

For the reasons stated, the City of Midwest City's motion to dismiss [Doc. #28] is **GRANTED** in regard to the loss of consortium and right to marriage claims, and **DENIED** as to the Eighth Amendment claim.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2014.

JOE HEATON  
UNITED STATES DISTRICT JUDGE